## KELLY, APPELLANT, *v.* CABLE COMPANY, RESPONDENT.

[Argued, February 6, 1893. Decided, October 16, 1893.]

NEGLIGENCE—*Fellow-servants—Instructions.*—In an action for personal injuries by an employee against a mining company, where it appeared that plaintiff was injured by an explosion, which occurred while he was at work in clearing up the debris from exploded blasts which had been fired by his fellow-servants, having knowledge that two blasts put in at the same time had not exploded, and it being shown on the trial to be the duty of plaintiff and his fellow-servants to see that every blast exploded, and the evidence being conflicting as to whether this was the foreman's duty, it is proper to instruct the jury that one of the risks which a servant takes upon himself is the negligence of his fellow-servants in the same common employment, and if the injury was occasioned by the negligence of the men engaged in blasting, who, in law, were plaintiff's fellow-servants, and defendant had no reason to believe such men incompetent or careless, then the verdict should be for defendant unless it was the duty of the foreman to superintend the blasting and warn plaintiff of unexploded blasts.

SAME—*Instructions—Pleading.*—An instruction that plaintiff did not claim that defendant's employees were incompetent is proper when the complaint only charged that they were negligent and careless.

*Appeal from Third Judicial District, Deer Lodge County.*

Action for personal injuries. The cause was tried before DURFEE, J. Defendant had judgment below. Affirmed.

Statement of the case by the justice delivering the opinion.

The pleadings and contentions in this case are so fully set forth in the reports of the case on the former appeals that it is not now necessary to do more than refer to those reports. (7 Mont. 70; 8 Mont. 440.) What little distinction there is between the case as now and then before the court is noted in the opinion below. Upon this—the third—trial of the case, verdict and judgment were for the defendant. A motion for a new trial by plaintiff was denied, and from that order, and from the judgment, the plaintiff appeals. In appellant's brief and argument he complains of instructions Nos. 3 and 21, and that portion of instruction No. 1 where the court says as follows: "It is not claimed by the plaintiff that the foreman or any of the agents or employees of defendant were incompetent." Instructions 3 and 21 are as follows: "3. Defendant also claims that the injury to plaintiff was not occasioned by any negligence of defendant, or of its foreman or agents, but by the negligence, if there was any, of the men who were engaged in blasting, and who were fellow-servants of plaintiff, and for whose negligence defendant is not liable. Defendant also claims that the accident by which plaintiff was injured was one incident to the employment in which he was engaged, and arose from a peril which plaintiff assumed from his employment, and which defendant could not, by any usual or reasonable means, guard him against." "21. One of the risks which a servant takes upon himself is the negligence of his fellow-servants in the same common employment; and in this case the men who were engaged in blasting in the Cable mine were in law fellow-servants with the plaintiff, engaged in the same common employment of knocking down and removing the ore from the said mine. If the jury find from the evidence that the injury to plaintiff was not occasioned by the negligence of the defendant, but by the negligence of the men engaged in blasting, in failing to ascertain whether or not there was a missed charge, and that defendant had no reason to believe that such men were incompetent or careless, or that

they had failed to perform their duty in this respect, then the jury will find for defendant, unless you find from the evidence that it was the duty of the foreman of the Cable mine to superintend the blasting, and see that all the blasts had exploded, and to warn the plaintiff of the same."

*F. W. Cole*, and *William Scallon*, for Appellant.

*W. W. Dixon*, and *Forbis & Forbis*, for Respondent.

DE WITT, J.—As to instruction 21, it is to be observed that the testimony on this trial differed in some respects from that on the trial which resulted in the appeal reported in 7 Mont. 70. The record in this court on that appeal showed that Savery, the superintendent, testified that he instructed Showers, the foreman, "that as an extra precaution I wanted him at every blast, if possible, to be present to direct the men, and after the explosion to see that every hole had exploded." This court on the first appeal took the view, apparently, that the superintendent instructed the foreman, and that it was the foreman's duty to be personally present at every blast, and to personally oversee it. It was with this view, doubtless, that this court said on that appeal: "The instructions asked by the plaintiff virtually exclude the defense of the negligence of a fellow-servant from the consideration of the jury, and this view of the matter at issue seems to be borne out by the evidence." As we understand that opinion, the court considered that the defense of the negligence of fellow-servants was out of the case, for the reason that the evidence was that it was the foreman's duty to be personally present at every blast. Now, on the third trial, which resulted in this present appeal, Savery, the superintendent, testified : "I never gave Showers any such absurd instructions as to be present, if possible, at the discharge of every blast, and I never testified before to any such thing. I cannot recollect that I testified before that I had given Harvey Showers instructions, as an extra precaution, to be present at every blast." In this testimony Savery was contradicted by the stenographer who took the testimony on the first trial. The stenographer testified that Savery's evidence on the first trial, as to this point, was as above noted. This

conflict between Savery and the stenographer went to the jury for their solution. Therefore there was evidence on this trial, as it seems there was not on the first trial, that the foreman was not instructed to be present at every blast. Savery testified on this trial : "I don't think it is possible that I ever gave Showers instructions, as an extra precaution, to be present at every shot, and see if it had been discharged, nor did I ever testify that I had done so. It is the duty of the foreman to oversee all the blasting, but not to the extent of informing himself as to what each man was doing." Furthermore, on this trial the testimony was that it was the duty of miners to see that the shots all exploded, and that the method of ascertaining this fact was to count the reports when the explosion took place. A witness, Owen McBride, testified that he was a miner, working, on the day of the accident, in the crosscut where Kelly was injured. He put in the holes, loaded, and fired them. He said that, when he counted the reports, there were two reports short. He waited some little time, went in and examined, found the ground all broken, and could see no missed holes. The smoke was thick, and he could not see well. When he could look, he saw no signs of missed holes. This man was working on the day shift, and Kelly went on at night to clear up the debris from the day's work. This witness, McBride, says further: "I saw Kelly at supper-time, between the mill and the boarding-house. He asked me how I was getting along, and I said not good. I told him there were two reports short in the crosscut, but I had found the ground all broke, and couldn't see any missed holes." It also appeared in evidence that sometimes a piece of loose powder gets into the debris by being dropped, or coming from a "cut-out hole," and that such a piece could be exploded by the blow of a pick. Under this testimony, we are of the opinion that instruction 21 was appropriate on this trial, however true it may have been that there was no evidence on the first trial which would allow a jury to consider the defense of the negligence of a fellow-servant. We think that the evidence on this trial did not shut out the consideration of such defense. There was evidence that it was not the foreman's duty to be personally present at every blast. There was evidence, to be sure, tend-

ing to contradict the witness testifying on this point, but that evidence and its contradiction were all before the jury. There was also evidence that it was the duty of the men to see that the holes all exploded. There was evidence that one of the miners who was doing this blasting thought there might be two missed charges, and informed Kelly of this. Under these facts, instruction 21 fairly states the law of the defense of the negligence of fellow-servants. The closing paragraph of that instruction leaves it to the jury to find that the accident was due to the negligence of the foreman, who was a representative of the principal (the defendant).

The appellant complains of instruction No. 3, that it is a direct statement by the court that the men engaged in blasting were fellow-servants of the plaintiff, and that for their negligence the defendant is not liable. This construction of the court's language might be correct if those two or three lines upon that subject were taken out of the instruction and stood alone; but, with the whole instruction before us, it is clear that the court simply stated to the jury what the defendant claimed.

As to instruction No. 1, appellant contends that this "misstates plaintiff's position, in that it tells the jury that the plaintiff did not claim 'that the foreman, or any of the agents or employees of defendant, were incompetent'; whereas the evidence affirmatively shows that they were incompetent in the matter of examining for and discovering missed charges, and also that their manner of discharging blasts was incompetent, in that it tended to make it impossible, or very difficult, to discover missed charges." (Quoted from appellant's brief.)

In examining the complaint we do not find that there was any charge made that the foreman, agents, or employees were incompetent. It is charged that they were negligent and careless. Those terms are not convertible. The same observation is true of evidence. The effort of plaintiff was not to prove that the defendant's agents were incompetent, but rather that they were careless and negligent. If persons were careless and negligent, that is not proof that they were incompetent. A competent person may be careless; an incompetent person may, as far as his knowledge or skill goes, be careful. We are therefore of the opinion that there was no error in this instruction.

Having reviewed the errors claimed by appellant, we conclude that none of them can be sustained, and the judgment is therefore affirmed.

HARWOOD, J., concurs.

PEMBERTON, C. J., having been counsel in this case, did not participate in the hearing or determination thereof.